To Paul G Gardephe & the Courts of the U.S. Southern District of New York,

1.) I, the Plaintiff, Kyle Piunti, am writing this letter in compliance with Local Civil Rule 1.6(a), of Local Rules of the United States District Courts for the Southern Districts of New York. And attached to this letter is the Document.

2.) As the attached document asserts, on February 14th 2019, I spoke with members from the Department of Education, Office for Civil Rights concerning the financial entitlements addressed in my initial complaint - document 1 on the docket for case 1:19-cv-02483. As stated, and shown in quotations, on the fourteenth of February, I was attempting to pinpoint the institution responsible ~~for~~ for the pain I was enduring from not yet receiving the entitlements allotted to me through the Post 9/11 GI Bill. As stated in Local Civil Rule 1.6(a), I have a duty to bring to the attention of the courts, later amended by the committee to be addressed to the Judge, all facts relevant to the previously mentioned case. The relevance of this document be provided by the date of which I accused, although wrongfully, Columbia University, of "leveraging my finances" by withholding "my housing allowance", and the case which was ~~filed~~ filed that I am obligated to bring to the attention of the courts.

3) On February 14, 2019, I was unaware that the Department of Treasury had issued the first two entitlements because the preceeding week I did not have a cell phone due to the financial issues caused by the defendant, JpMorgan Chase Bank NA, and was unable to contact the necessary departments to confirm whether or not my Housing allowance had been released. Although missdirected, the Nature and factual basis for this claim is true. I later learned that the entitlements mentioned in my initial complaint, which are allowances for housing, had been released by the Department of Treasury on February 8, 2019.

4.) The case represented by the attached document is now closed, as I didn't pursue legal action after learning that the defendant was withholding the money I'm entitled to for housing. I would also like to include the fact that I am being evicted, or in the process of being evicted due to the actions of the defendant as I have yet to receive the allowance for February and was unable to make the additional payments needed to avoid eviction with the money I'm allotted each month.

Kyle Piunti

[signature]

-PGG Document 26 Filed 0

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

February 19, 2019

yle Piunti
1 East 83rd Street, Apt. 1E
ew York, New York 10028

e: Case No. 02-19-2089
Columbia University

ear Mr. Piunti:

n January 22, 2019, the U.S. Department of Education, Office for Civil Rights (OCR) received e above-referenced complaint you filed against Columbia University (the University). You lleged that the University discriminated on the bases of sex and age and engaged in retaliation. OCR determined that your complaint is not appropriate for investigation for the reasons set forth elow.

On your complaint form, you selected sex, age and retaliation as bases of alleged discrimination, nd stated, in the section of the complaint form requesting that you describe each discriminatory ction, that it "[n]eeds to be addressed in person." You further stated that you are "unfamiliar with the language specific to every incident, and would like to ensure accountability which protecting [your] rights as [you are] still pursuing [your] degree." You also indicated on the complaint form that the last act of alleged discrimination occurred on July 1, 2018.[1] You did not provide any other information regarding your allegation(s).



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

February 19, 2019

Kyle Piunti
511 East 83rd Street, Apt. 1E
New York, New York 10028

Re: Case No. 02-19-2089
Columbia University

Dear Mr. Piunti:

On January 22, 2019, the U.S. Department of Education, Office for Civil Rights (OCR) received the above-referenced complaint you filed against Columbia University (the University). You alleged that the University discriminated on the bases of sex and age and engaged in retaliation. OCR determined that your complaint is not appropriate for investigation for the reasons set forth below.

On your complaint form, you selected sex, age and retaliation as bases of alleged discrimination, and stated, in the section of the complaint form requesting that you describe each discriminatory action, that it "[n]eeds to be addressed in person." You further stated that you are "unfamiliar with the language specific to every incident, and would like to ensure accountability which protecting [your] rights as [you are] still pursuing [your] degree." You also indicated on the complaint form that the last act of alleged discrimination occurred on July 1, 2018.[1] You did not provide any other information regarding your allegation(s).

OCR determined that it required additional information in order to continue evaluating your complaint; and, requested that information in an electronic mail (email) message sent to you on January 30, 2019 (the January 30th email). Specifically, OCR asked that you indicate what, specifically, the University did that you believe was discriminatory and retaliatory; the date(s) on which the alleged discriminatory and retaliatory conduct occurred; and how the alleged conduct was discriminatory on the bases of your sex and age and retaliatory. OCR also asked that you describe the conduct for which you believe the University retaliated; and any harm suffered as a result of the alleged retaliatory conduct. OCR advised you that your complaint could be closed if you did not provide the requested information within 14 days. During telephone call with OCR staff on February 14, 2019, you stated that the University has engaged in "a lot" of discriminatory acts, including "leveraging [your] finances," by withholding a basic allowance for