UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE PIUNTI,

            Plaintiff,

- against -

JP MORGAN CHASE BANK, N.A.,

            Defendants.

**ORDER**

19 Civ. 2483 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        The Complaint was filed on February 25, 2019, in Supreme Court of the State of New York, New York County, and alleges that Defendant JP Morgan Chase Bank, N.A. ("Chase") withheld deposits of federal benefits from Plaintiff's bank accounts, fraudulently manipulated the funds in Plaintiff's accounts, and improperly charged Plaintiff hidden fees. (See Cmplt. (Dkt. No. 1)) The Complaint does not identify Plaintiff's bank accounts or the specific transactions underlying his claims. (Id.)

        On March 20, 2019, Chase removed the action to the Southern District of New York (see Dkt. No. 1), and moved for a more definite statement. (Dkt. Nos. 6, 7, 8, 9)

        In a June 20, 2019 order, this Court granted Chase's motion and ordered Plaintiff to file an amended complaint by July 22, 2019. (Dkt. Nos. 32, 39) That same day, this Court referred this action to Magistrate Judge Katherine H. Parker for general pretrial matters. (Dkt. No. 33) Although Plaintiff filed the Amended Complaint on July 16, 2019 (see Dkt. No. 43), the Amended Complaint does not identify Plaintiff's Chase bank accounts or the transactions at issue. (Id.)

At an August 1, 2019 conference, Magistrate Judge Parker asked Plaintiff "to explain the circumstances giving rise to his claims and the damages he seeks to recover in this action." (Report & Recommendation (Dkt. No. 56) (internal citations omitted) Plaintiff complained that Chase had improperly (1) failed to close a joint bank account Plaintiff had had with a former girlfriend; (2) allowed government benefit checks to be deposited into this account, and then refused to permit Plaintiff to access these funds; (3) induced Plaintiff to enroll in a debit card protection plan without explaining the rules of the plan, thus causing Plaintiff to incur debts that exceeded his income; (4) linked Plaintiff's debit card to the joint account as well as to another open account, leading to confusion and duplicate charges; and (5) imposed charges and debits for transactions that Plaintiff had not made. (Id. at 2 citing Dkt. No. 49) Plaintiff further complained that as a result of Chase's improper actions, Plaintiff no longer had money for food and rent, and that Plaintiff's landlord had brought an eviction proceeding against him. (Id. at 2 (citing Dkt. No. 52 at 19:05-20:05).

After the conference, Judge Parker issued an August 1, 2019 order directing Plaintiff to file a second amended complaint by August 23, 2019, that included the above allegations as well as the

> dates when [the above] events occurred; account numbers for the accounts involved; identification of the improper charges; the amounts of said charges and dates of said charges; the specific benefit checks deposited into the closed account; the dates of the deposits and the amounts of such checks; the purpose of the benefit checks . . . deposited into the closed account; and such other facts and details supporting Plaintiff's claims.

(Id. at 2-3 (quoting Dkt. No. 49 and citing Dkt. No. 52 at 43:06-44:02, 44:24-46:13) In her Order, Judge Parker warns that this action will be dismissed if Plaintiff does not comply. (Id. at 2 (citing Dkt. No. 49))

In an October 1, 2019 Report and Recommendation ("R & R"), Judge Parker states that

> Plaintiff did not file a second amended complaint by the deadline and, on August 27, 2019, Chase filed a letter requesting that this action be dismissed. (Doc. No. 54.) Chase served the letter on Plaintiff, which included a copy of the transcript from the August 1, 2019 conference and this Court's August 1, 2019 order, and filed proof of service on the docket. (Doc. No. 55.) To date, Plaintiff has not responded to Chase's letter. Moreover, Plaintiff has not communicated with the Court since the August 1, 2019 conference. The Court appreciates that Plaintiff is experiencing extreme hardship due to his financial situation. However, in light of the above, it appears that Plaintiff is no longer interested in litigating this action.

(R & R (Dkt. No. 56) at 3) Judge Parker's R & R recommends that the action be dismissed for failure to prosecute, noting that a court may dismiss an action "'[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" (Id. at 3 (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original), and citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste, 768 F.3d at 216 (internal quotation marks and citation omitted). No single factor is dispositive. Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB) (KHP), 2018 WL 5723120, at *2 (S.D.N.Y. Nov. 1, 2018) (adopting R & R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines); Peters v. Dep't of Corr. of New York City, 306 F.R.D. 147, 147-

50 (S.D.N.Y. 2015) (dismissing pro se action where plaintiff failed to oppose defendant's motion for summary judgment, despite having multiple extensions of time to do so).

In her R & R, Judge Parker analyzes these factors here, and concludes that dismissal is appropriate. (R & R (Dkt. No. 56 at 4)) Judge Parker notes that (1) Plaintiff failed to comply with her deadline for filing a second amended complaint; (2) Plaintiff was warned that his action would be dismissed if he did not comply with her order; (3) Plaintiff's delay had caused prejudice to Chase; (4) Plaintiff had relinquished his right to be heard by failing to comply with court orders; and (5) no lesser sanction was appropriate. (Id. at 4-5) Judge Parker concludes that "because there is no indication that Plaintiff wishes to continue to litigate this action, the circumstances are sufficiently extreme to justify dismissal." (Id. at 5)

The R & R was filed on October 1, 2019. The R & R recites the requirement that parties must file objections within seventeen days of service, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and Fed. R. Civ. P. (6(a) (adding three days to the standard fourteen-day period when service is made under certain circumstances, including pursuant to Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mail)). (Id. at 6) Service was effected by mail. (See Dkt. Nos. 57, 57-1) To date, neither side has filed objections to the R & R.

Where, as here, clear notice has been given of the consequences of a failure to object, and no objections are filed, a district court may adopt the report and recommendation without de novo review. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse a failure to object where it appears that the magistrate judge may have committed plain error. See Spence v. Superintendent, Great Meadow

4

Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here; to the contrary, the R & R is thorough and well-reasoned. Accordingly, the R & R will be adopted in its entirety.

## **CONCLUSION**

For the reasons stated above, the R & R is adopted in its entirety and Plaintiff's claim against Defendant Chase is dismissed pursuant to Rule 41(b) for failure to prosecute. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

The Clerk of Court is directed to close this case.

Dated: New York, New York
      January 31, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge